May it please the Court, my name is William Keith Watsnavi. I represent the appellant Richard Nishiro in this matter. The issue before this Court is whether the district court erred incorrectly, incorrectly determining that the appellant's claims for breach of express and implied contracts and for a violation of LMRA 301 were barred by restriction in collateral estoppel. The secondary issue to this is whether the district court erred by not holding a hearing and to make specific finding of facts regarding the continuation of the action that would have been permitted the application of the doctrine of equitable tolling. The initial question as to ratio decada and collateral estoppel we contend were erroneously decided by the district court. The court is aware of the record in this case and at the state court level the state court determined that the contract claims of express and implied contract was so inextricably intertwined with the collective bargaining agreement at Lockheed Missiles that they were federally preempted and would not be heard before the state court. Counsel, those are two different propositions. Federal preemption means federal law controls. It does not necessarily mean that there's no concurrent jurisdiction in the state court. We agree that the law is that a 301 claims. However, that is so that means that despite preemption the state court still has subject matter jurisdiction. Isn't that right? It could have exercised subject matter. It is our contention, your honor. However, based upon the opinion and the facts of this specific case that the state court declined to do so and we would point out that to the extent that if if at this point the case had either been removed or had been initially filed in the federal district court as a section 301 action then at that point the proceeding would have probably been permitted to proceed at that point. Counsel, let me ask you this. Why couldn't you then have filed an amended complaint in state court asserting your 301 claims? There was nothing to prevent the attorney representing Mr. Nishiro at that point from doing that, however. Your honor, however, if you look at the briefs and the arguments. Let's just stop there for a moment. If the attorney did not file an amended complaint, why doesn't race judicata bar the complaint in federal court? Because it bars any claims that could have been brought and it could have been brought if the state court has concurrent jurisdiction. Because our argument is essentially this, judge, that based upon the facts of this case and the state court determination and the attorney representing Mr. Nishiro at that point, that the an interpretation of the collecting bargaining agreement applied and required the application of federal law principles that at that point the case was that kept that at that point the case was better governed by a federal court. Now, in all fairness, Lockheed did not say that the case should be removed or that even that it would have been removed. However, our argument here is that to the extent that this case was brought at the state court level and to the extent that a person raises in a California state court implied and expressed breach of contract terms and then the state court determines that that those claims will not be heard because they are federally preempted. The usual course in this case is either at that point to refile in a federal court. Counsel, wouldn't you have to do one of two things? Either proceed with your federal claim in state court and have the defendant remove it to federal court or else manage in one way or another to get your state lawsuit dismissed without prejudice and then refile it in federal court. Yes, what's curious about this case, judge, is that in the state court's dismissal of the express and implied contract claims, there is no indication as to whether it was or without prejudice. The words do not exist. Now, in all fairness, a reading of the state court's dismissal order says that summary adjudication of the matter is granted and that the claim to dismiss that ordinarily means with prejudice. Well, if you want to switch courts, if you decide to jump over to federal court, you can't do it just because you want to do it and you're not allowed to file two lawsuits unless you get the first one dismissed without prejudice. However, to the extent that the case of Alice Chalmers v. Luck is concerned where it has the language that says that if a state court is going to do that, either one must treat the claims as being 301 claims and hear them themselves or dismiss the claims as being preempted, that based upon the facts of this case, what would have been most appropriate was for the case to be heard in federal court. Now, the fact that the But, counsel, I understand your argument that that would have been most appropriate, but that's not what happened. So in your opinion, what happened in this case? Was this case adjudicated on the merits by virtue of the summary affirmance? In my mind, Judge, what happened here was because of the procedure and because of what I consider to be unsettled law in this area, and I believe other courts have commented that the interpretation and the application of LMRA Section 301 action seemed to have a difference of opinion and is sometimes contrary to one another, that in an instance here where you have Mr. Nishira as an employee and I guess my question was, did the summary adjudication, what was the effect of the summary adjudication in your view? The expected was to, there was nothing to prevent Mr. Nishira at that point from going to federal court and having his claims heard if, in fact, he had desired to do so. But it seems like he took his claim to the end of the train line in state court. He appealed the state court's decision. He took it up to the appellate court. The decision was affirmed at that point. As the court is aware, there was a trial concluded on the race discrimination case, not on the implied and expressed contract claims. And then once the state appellate court affirmed the lower court's decision not to reverse or to resend the matter to the state court for further clarification, he then went ahead and filed his federal claims. Now, I think it's fair to say that under He had already been in court with all his claims and including his federal claim if he chose to file it and to litigate it. Well, Judge, with respect to, the point that I'm trying to make here is that Mr. Sher here was caught in between. Because he was not an employee, he was not subject to the collective bargaining agreement. Nevertheless, the state court determined that his case would be governed by the collective bargaining agreement because it required an interpretation. That given that, he was only permitted to go to trial in the state court on his race discrimination claim. Then he was left with his express and implied breach of contract claim. Certainly, it seems that the result where a person, where a state court declines to hear those claims will not treat them as 301 claims as it could have done so and yet refused to do so and declined to do so. Could you tell me the page in the excerpts where it's clear to me that the state court declined to exercise the jurisdiction that it had over the federal claims? I merely cite the state court's reliance on Alice Chalmers. I can look at the excerpt. It looks to me like you litigated your case in state court and now you're trying it again in federal court and you can't do that unless you've preserved a piece of the case from the state court. What he was trying to do, Judge, is merely to have his, what he was told by the state court case as being federal claims, which he disagreed with. I don't care what he was trying to do. What I care about is what he was successful in doing. And I'm looking for the evidence of success. I want to see the words of something that preserved this claim for litigation in federal court. Other than the notice of repeal in this case? Well, that doesn't preserve anything. Well, I'm not misunderstanding your question then. I have five claims, two federal, three state. I sue in the state court. The state court says I lose. I can't refile the two federal claims in federal court because I already lost on them in state court. That looks to me like your position. Our position is that to the extent that the court in this case could have treated the claims as federal claims, declined to do so, that at that point Mr. Nishiro would have been permitted or should have been permitted to go to federal court and hear those claims heard. Show me the and declined to do so language in the excerpts. There is no specific declination language, Judge. Merely I point upon the reliance of its recitation of the Alice Chalmers case. There is no specific language in his judgment, Judge. You mean in the state court adjudication when the state court cited Alice Chalmers, that's your argument that it declined to exercise jurisdiction? Yes. But it merely said that the state court merely said that the 301 claims were preempted. Yes. Okay. Yes, Judge. That's all it said. Whatever remaining time I'd like to reserve. Thank you, Counsel. Thank you, Counsel. May it please the Court, Nicholas Heldt for our Defendant and Appellee Lockheed Missiles and Space Company. I think the Court has a correct grasp on the situation in this case, just to make sure the point is clear. California law of res judicata recognizes that a person has only one primary right when they seek to enforce a wrong done by a defendant, although they may advance it under many theories. So Mr. Nishiro's employment at Lockheed was terminated in February 1994, and he said that was wrong. It shouldn't have happened, and he wanted damages for it. He's entitled to advance many theories in support of that claim, and he advanced many theories in support of that claim in state court. He's required in state court to advance any and all theories. He chooses to advance, and he's bound as to any and all theories he could have advanced. So he advanced theories that he was discriminated against on the basis of his race and age, and he advanced theories that he was terminated in violation of contractual rights. The only theories of breach of contract that he advanced were state law theories, and the state court action said those theories of breach of contract under state law are preempted. The only contractual theories you can advance are governed by federal law. He chose not to do so. He chose not to advance a theory under federal law. There may be many reasons why he chose not to. In fact, his claim under federal law was probably already barred by the statute of limitations when he filed his state cause of action because it was filed more than six months after his termination. It was probably already barred because he'd failed to exhaust his administrative remedies under the collective bargaining agreement. But why he chose not to advance it isn't important to res judicata reasons, res judicata application, unless he was prohibited from advancing it because the state court had no jurisdiction. But the state court has concurrent jurisdiction. The state court doesn't force a litigant to pursue a particular theory. The state court looks at his complaint and says this theory doesn't work and this theory doesn't work, and it's up to the litigant to choose whether to advance another theory, that this is a violation of the Labor Management Relations Act. Counsel, what's your best case authority that the summary adjudication was a decision on the merits? Well, the best case authority for a decision on the merits I think is Owens v. Kaiser Foundation Health Plan, which is a decision of this court, the Ninth Circuit, in 2001. It's cited in our brief at page 18. In that case, the dismissal on the merits was a dismissal for failure to prosecute, and the court said that any dismissal that reaches the merits of the case, any involuntary dismissal is generally considered as a dismissal on the merits. And the facts of that case were the plaintiffs in that case had originally filed actions in the state court alleging wrongs in connection with their termination of employment, and the wrongs that they alleged in the state court were breach of contract claims, intentional infliction of emotional distress, and fraud. Those claims were removed to federal court, and they were dismissed by the federal court for failure to prosecute. Later, the plaintiffs in that case filed a second action in federal court alleging that their termination was in violation of Title VII because it was discriminatory on the basis of race. They had alleged discrimination on the basis of race as the basis for the arbitrariness of their breach of contract claims in the first state court action that was removed to federal court. I understand. Counsel, do you have any case authority for the proposition that a determination that a claim is preempted is an adjudication on the merits? Well, I don't have a case that says it's an adjudication on the merits, but it clearly is, I believe, Your Honor. I haven't found a case that says that specific ruling is an adjudication on the merits, but it is. It's an adjudication on the merits of the state claim that was preempted. Exactly, Your Honor. And then the question is, does res judicata treat the presentation of that claim as a requirement that all claims that would seek to enforce the same primary right are the same claim and are prevented by res judicata? Well, for res judicata purposes, you're saying your opponent is in the same position he would be if he were trying to come into state court now and say, now I want to litigate my 301 claims here in state court. Exactly. Sure. He's had his chance. He chose not to pursue that theory. He pursued many other theories, but he's had his opportunity to enforce his primary right,  Thank you. Thank you, counsel. Counsel, I think your time was used up. Thank you. Thank you.
judges: Canby, Kleinfeld, Rawlinson